IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 20-10066-02-JWB

GARY A. LOWE, JR.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pro se "Motion to Challenge Jurisdiction and Mandamus in an Interest of Justice." (Doc. 57.) For the reasons stated herein, the court orders to the clerk to STRIKE the motion.

Assistant Federal Public Defender S. Lynn Burke has been appointed to represent Defendant in this case. At a hearing on January 12, 2021, the court denied Ms. Burke's motion to withdraw – a motion that was filed at Defendant's direction – because no grounds for withdrawal had been shown. The court also struck Defendant's previously filed pro se motions, explaining to Defendant that he was not entitled to file such motions pro se when he was represented by counsel.

A defendant in a criminal case has a constitutional right to self-representation, if he so chooses, but he does not have a right to "simultaneous self-representation and representation by counsel (known as hybrid representation)." *United States v. Couch,* 758 F. App'x 654, 655 (10th Cir. 2018). Although the court has discretion to allow hybrid representation (*see United States v. Treff,* 924 F.2d 975, 979 n.6 (10th Cir. 1991)), the court declines to allow hybrid representation in this case. Defendant previously filed misguided pro se motions attempting to invoke the Federal

Rules of Civil Procedure in this criminal proceeding. His current pro se motion similarly reflects a misunderstanding of the Federal Rules of Criminal Procedure, including Rule 59(b)'s provisions that allow – but do not require – a district judge to refer a motion to dismiss to a magistrate judge for a report and recommendation, and the standards governing jurisdiction and motions to dismiss under Fed. R. Crim. P. 12(b). (Doc. 57 at 1-2.) *See United States v. Todd,* 446 F.3d 1062, 1067 (10th Cir. 2006) (a motion to dismiss an indictment is not a means of testing the sufficiency of the government's evidence; "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."); *United States v. Jackson,* 313 F.3d 231, 233 (5th Cir. 2002) ("To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute.") The filing of such motions only serves to waste court resources.

IT IS THEREFORE ORDERED that the clerk of the court shall STRIKE Defendant's pro se "Motion to Challenge Jurisdiction and Mandamus in an Interest of Justice" (Doc. 57). IT IS SO ORDERED this 3rd day of February, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE