IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Case No. 20-10066-2-JWB

GARY A. LOWE, JR.,

      Defendant.

**MEMORANDUM AND ORDER**

Defendant is charged by way of indictment with three counts of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a), one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924 (c)(1)(A), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) The indictment also includes charges against co-Defendants Jamie Whitfield and Matthew Crawford. Both Whitfield and Crawford have entered guilty pleas and Crawford has already been sentenced. Defendant Lowe is currently set for trial on June 21, 2022. This matter is before the court on the following motions filed by Defendant: motion to dismiss (Doc. 197); motion to suppress (Doc. 200); motion for discovery (Doc. 199); motion for disclosure of the confidential informant (Doc. 198); motion for omnibus hearing (Doc. 196); and motion to allow Defendant to argue motions (Doc. 195.) The government opposes all motions. (Docs. 201, 202, 203, 204, 205, 206.) The motions are DENIED for the reasons stated herein.

**I.    Analysis**

    **A.    Motion to Dismiss (Doc. 197)**

Defendant moves to dismiss the indictment for lack of jurisdiction. In support of this motion, Defendant makes general statements regarding this court's duty to examine its own jurisdiction, that subject matter jurisdiction cannot be waived, and that this court is a court of limited jurisdiction. Defendant, however, fails to identify how this court lacks jurisdiction over the federal criminal charges in this case. Pursuant to 18 U.S.C. § 3231, the district courts of the United States have original jurisdiction of all offenses against the laws of the United States and Defendant has been charged with violations of those laws (Doc. 1). Therefore, this court has jurisdiction over this matter and Defendant's assertion that it does not is frivolous. *See United States v. Griffith*, 928 F.3d 855, 865 (10th Cir. 2019).

### B.      Motion to Suppress (Doc. 200)

Next, Defendant moves to suppress the evidence seized in the search of 2421 W Martha Street pursuant to a warrant on the basis that the warrant lacked probable cause.

The Fourth Amendment to the United States Constitution provides that:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The validity of a warrant is not determined by "nit-picking" discrete portions of the application. Rather, the test is whether, under the totality of the circumstances presented in the affidavit, the issuing judge had a "substantial basis" for determining that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *United States v. Harris*, 369 F.3d 1157, 1165 (10th Cir. 2004) ("In determining whether a search warrant was supported by probable cause, we review the sufficiency of the affidavit upon which a warrant was issued by looking at the totality of the circumstances and simply ensuring that the issuing magistrate had a substantial basis for concluding that probable cause existed." (internal citation omitted)). Probable cause to

issue a search warrant exists when "the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *Harris*, 369 F.3d at 1165 (quoting *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1330 (10th Cir. 2003)). The court gives great deference to a search warrant that was reviewed and signed by an experienced judge. *See United States v. Leon*, 468 U.S. 897, 914 (1984); *United States v. Price*, 265 F.3d 1097, 1101 (10th Cir. 2001).

Officer Jeremy Gray of the Wichita Police Department (WPD) submitted an application for search warrant to Judge Hernandez-Mitchell in the District Court of Sedgwick County, Kansas. In his affidavit, he detailed his investigation into 2421 W. Martha St, in Wichita, Kansas. According to the affidavit, the WPD received a drug complaint on September 6, 2018, regarding 2421 W. Martha. A source of information identified as SOI 326 notified the WPD that he/she believed that the occupants of 2421 W. Martha were involved in drug trafficking. SOI 326 stated that this activity had been occurring since the occupants moved into the residence around June 2018. According to SOI 326, a middle aged Hispanic female was observed "conducting quick hand to hand transactions with occupants of vehicles who arrive and leave the house within a short period time." (Doc. 206, Att. A at 1.) This activity is common and occurs in the evening hours. In September 2018, SOI 326 observed a male in a red Lincoln MKZ drive to the residence and exit the vehicle with a large bag. The male exited the residence two minutes later without the bag. SOI 326 also observed individuals coming to the residence and staying for short periods of time. Officer Gray conducted a criminal records check on SOI 326 and learned that he or she did not have any convictions for crimes of deceit.

On October 12, 2018, Officer Gray conducted a trash pull at 2421 W. Martha. (*Id.* at 2.) The affiant states that he had previously observed a gray "Moran Trash" can sitting next to the

3

residence at 2421 W. Martha. That same trash can was observed on October 12, 2018, one foot south of the curb line of W. Martha and three feet west of the driveway to 2421 W. Martha. Officer Gray collected two large trash bags from the trash can, which were then transported to a secure area to be searched. Upon searching bag #1, Officer Gray found four vacuum sealed plastic bags containing a white crystalline residue. All four bags were the same size and shape, approximately 3" x 3" x 8". The bags had three separate layers: vacuum sealed bag, plastic wrap, and packaging tape. A field test conducted on the contents of one bag showed that the substance was methamphetamine. Officer Gray stated that in his training and experience this packaging is indicative of bulk methamphetamine packaging for long distance transportation and the three layers prevent the odor of narcotics from being detected. The size of the packages indicate the amount of methamphetamine in each package could exceed one half pound to one pound. The trash bag also contained two plastic sandwich bags, two large plastic bags, one plastic bag with a knotted end that was torn on one side, loose plastic wrap, and loose brown packing tape. Bag #1 also contained an item relating to co-Defendant Jamie Whitfield in the form of a payment from the City of Wichita. On August 17, 2017, Jamie Whitfield was arrested for possession of methamphetamine. Her reported address at that time was 7001 W. Newell. On that same criminal case, Oscar Chavez-Guerrero listed his address as 7001 W. Newell. SOI 326 reported that Chavez-Guerrero lives at 2421 W. Martha.

      Officer Gray conducted a utilities check for 2421 W. Martha. He discovered that the water bill was in the name of Jazlynn Conley. After running a criminal records check, Gray did not locate any drug convictions for Conley.

      In his affidavit, Gray stated that persons who sell methamphetamine usually possess packaging materials, scales, paraphernalia, portable phones, customer lists, account books,

currency, firearms, and documents identifying the residents in the residence. Gray presented the application for a search warrant to the state court judge. After finding that probable cause existed to believe that there would be evidence of a crime at the residence, the state court judge issued a search warrant for 2421 W. Martha on October 15, 2018.

The search warrant was executed on October 17, 2018. According to the government, law enforcement located Defendant and Whitfield in the kitchen with marijuana and a loaded Glock-43 9mm handgun. A kitchen cabinet contained a 432-gram bag of methamphetamine. In a tub behind Defendant, officers found another loaded handgun, two digital scales, and mail addressed to Defendant. In the master bedroom, officers located a safe containing a car title in Defendant's name and $24,000 in US currency. The bedroom also contained many additional firearms, large quantities of methamphetamine and heroin, and Defendant's shorts containing his wallet and identification. Defendant was arrested and the contraband items were seized by officers.

Defendant raises several arguments with respect to the search warrant and his subsequent arrest. First, Defendant argues that the affidavit does not provide enough information regarding SOI 326's reliability or veracity including an explanation of how SOI 326 obtained her information. When an affidavit fails to discuss an informant's reliability or veracity, the information alone cannot be a substantial basis for establish probable cause. *United States v. Becknell*, 601 F. App'x 709, 715 (10th Cir. 2015). However, later information can provide sufficient independent corroboration of the informant's reliability or veracity. *Id.* Notably, information received from a confidential informant which provides "highly specific or personal details from which one could reasonably infer that the informant had firsthand knowledge about the claimed criminal activity" is more likely to support probable cause. *United States v. Cruz*, 977

F.3d 998, 1005 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2506 (2021) (quoting *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1233 (10th Cir. 2009)).

Here, Officer Gray did not set forth how SOI 326 learned the information, however, SOI 326 provided an extensive report regarding the activities at 2421 W. Martha that had been occurring from June 2018 to the date of his or her complaint. The affidavit provides detailed information regarding the traffic activity at 2421 W. Martha. This detailed information is sufficient to infer that SOI 326 had firsthand knowledge about the observed activity which supports a finding of probable cause. Moreover, Officer Gray had knowledge of SOI 326's identity and determined that he or she did not have any criminal convictions for crimes of deceit.

The government further argues that the evidence in the trash pull is sufficient to corroborate the information from SOI 326. The court agrees.[1] After searching bag #1, Officer Gray found four vacuum sealed plastic bags. All bags had a white crystalline reside inside. Upon testing one bag, it tested positive for methamphetamine. According to Officer Gray, these bags held at least one-half pound of methamphetamine and the packaging is indicative of drug trafficking. Based on the affidavit, the trash can that was searched was seen on previous occasions up next to 2421 W. Martha. Given these observations by Gray, the affidavit establishes a requisite nexus between the trash can and 2421 W. Martha. *See United States v. Cianciarulo,* No. 10-40041-01-SAC, 2010 WL 2653423, at *3 (D. Kan. June 29, 2010). The discovery in the trash can also corroborated the information received from SOI 326 and undermines any argument that the items in the trash did

---

[1] Although Defendant does not specifically attack the appropriateness of the trash pull, the court finds that law enforcement's conduct in taking the garbage did not violate the Fourth Amendment. The Supreme Court and the Tenth Circuit have held that an individual has no reasonable expectation of privacy in items placed in trash bags "left on or at the side of a public street." *See United States v. Timley*, 338 F. App'x 782, 787 (10th Cir. 2009) (citing *California v. Greenwood*, 486 U.S. 35, 40-41 (1988); *United States v. Long*, 176 F.3d 1304, 1307-09 (10th Cir. 1999)). Here, based on the affidavit, the trash bags were placed in the trash can which was placed one foot south of the curb line and three feet west of the driveway. Therefore, the court finds that the trash can was not placed within the curtilage of the home and law enforcement did not violate the Fourth Amendment in taking the trash on October 12, 2018. *See id.*

6

not belong to the residents. *See United States v. Le*, 173 F.3d 1258, 1266 (10th Cir.1999) (concluding that affiant's search of suspect's trash and discovery of used bag with white powder residue confirmed to be methamphetamine helped corroborate information received from confidential sources); *United States v. Berrocal*, 232 F.3d 902, 2000 WL 1629437, *2 (10th Cir. 2000) ("the information provided by the informant undermines Berrocal's argument that the items found in his trash container were dropped there by someone else.")

Defendant further argues that one trash pull is not sufficient in some circumstances to provide probable cause to search the residence connected to the trash can, citing *United States v. Leonard*, 884 F.3d 730 (7th Cir. 2018). Other than making this general statement, Defendant fails to articulate how the trash pull in this case cannot support a finding of probable cause. As this court has addressed, *Leonard* discussed that more than a single trash pull may be needed to establish probable cause when the only evidence contained in the trash is a small quantity of drugs. *United States v. Brown*, —F. Supp. 3d—, 2022 WL 473984, *7 (D. Kan. Feb. 16, 2022) (citing *Leonard* for the proposition that two trash pulls testing positive for marijuana were sufficient, standing alone, to establish probable cause); *see also United States v. Jenkins*, 819 F. App'x 651, 660-61 (10th Cir. 2020). Notably, *Leonard* cited the Sixth Circuit for the proposition that a large quantity of drug refuse "suggests repeated and ongoing drug activity in the residence and therefore creates a fair probability that more drugs remain in the home." 884 F.3d at 734 (citing *United States v. Abernathy*, 843 F.3d 243 (6th Cir. 2016)). Here, there was evidence of bulk methamphetamine packaging, consisting of four large vacuum sealed bags that each could have contained more than one half pound of methamphetamine. According to Officer Gray, this is indicative of a large quantity of methamphetamine that had been packaged for transportation.

Moreover, the affidavit also includes information from SOI 326 indicating that there is significant traffic occurring at the residence over the months preceding the search warrant.

Based on all of the circumstances discussed herein, "a reasonable or prudent person would believe a fair probability existed that the trash removed from those bags was likely connected with the home to be searched, rather than as a result of someone coincidentally discarding drug-related rubbish into [Defendant's] tied garbage bags while passing through...." *Timley*, 338 F. App'x at 790–91. The court finds that under the totality of the circumstances presented in the affidavit the issuing judge had a "substantial basis" for determining that probable cause existed. *Gates*, 462 U.S. at 238-39.

Even if the warrant lacked probable cause, the court would deny the motion under the good faith exception set forth *United States v. Leon*, 468 U.S. 897 (1984). The exception would apply in this case because law enforcement acted in good faith in relying on the warrant issued by the state judge and the warrant contained sufficient information for a reasonable officer to believe that it was valid. *See United States v. Knox*, 883 F.3d 1262, 1272-73 (10th Cir. 2018).

Finally, Defendant argues that his arrest and search of his person should be suppressed because he was not mentioned in the affidavit or warrant. (Doc. 200 at 6.) Defendant fails to cite any authority in support of this argument. As pointed out by the government, officers may arrest individuals upon probable cause that they have committed a crime. Defendant was found inside the residence with drugs and several guns. Therefore, officers acted reasonably in arresting Defendant and searching his person after placing him under arrest.

Defendant's motion to suppress the evidence seized during the execution of the search warrant (Doc. 200) is DENIED.

    **C.**    **Motion for Discovery (Doc. 199 ) and Disclosure of Confidential Informant (Doc. 198)**

In both his motion for discovery and motion for disclosure of the identity of the confidential informant, Defendant asks the court to order the government to disclose the identity of SOI 326. Defendant states that the disclosure is required under *Brady v. Maryland*, 373 U.S. 83, (1963), because none of the individuals described by SOI 326 fit his description and asserts that the disclosure would assist in the defense. (Doc. 199 at 1; 198.) Defendant further argues that SOI 326 was a witness to the crimes charged in this case. In response, the government argues that Defendant has not met his burden for disclosure and that SOI 326 did not witness the alleged crimes charged in the indictment.

The government has a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* But, where "the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61. Defendant has the burden to come forward with evidence showing that disclosure is necessary under this standard. *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999) (citing *Roviaro*, 353 U.S. at 62); *see also United States v. Holmes*, 487 F. Supp. 2d 1206, 1211 (D. Kan. 2007). "'Mere speculation about the usefulness of an informant's testimony is not sufficient to warrant disclosure.'" *Holmes*, 487 F. Supp. 2d at 1211 (quoting *United States v. Mathis*, 357 F.3d 1200, 1208 (10th Cir. 2004)). The Tenth Circuit requires disclosure when the informant's testimony "might be relevant to the defendant's case and justice would best be served

by disclosure." *Id.* (citing *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986). If the informant is a participant in and a material witness to the alleged crimes, the disclosure of his or her identity is sometimes required. *Roviaro,* 353 U.S. at 64-65. Disclosure is not required, however, "where the informant is not a participant in or a witness to the crime charged." *United States v. Long*, 774 F.3d 653, 663 (10th Cir. 2014). Disclosure is "rarely necessary" when "the informant's role was only as a tipster who provided probable cause for a search." *Id.*

The government argues that SOI 326 is just a tipster and not a witness to the crimes charged. Here, SOI 326 provided the information used in obtaining the search warrant. SOI 326's complaint was made in September 2018 and it concerned activity from June 2018 to September 2018. (Doc. 206, Att. A.) All of the conduct charged in this case occurred on October 17, 2018. (Doc. 1.) Defendant is not being charged with criminal conduct on any other occasion. Although Defendant claims that SOI 326 is a witness to the charged conduct, he cites no evidence in support of this assertion. Defendant further argues that SOI 326 could assist in his defense because he does not believe that he is any of the individuals described by SOI 326 in his complaint to WPD. Again, this is irrelevant because the crimes charged occurred after SOI 326's complaint. There is no dispute that Defendant was in the residence on the day of the search and the officers will testify as to the presence of drugs and guns in the residence. Defendant has not shown that there is a need to disclose SOI 326's identity and also failed to show how SOI 326 would provide any benefit to his defense. *See Long*, 774 F.3d at 663–64 (upholding decision denying disclosure of a tipster who provided information that was used in obtaining a search warrant).

D.  **Motion for Omnibus Hearing (Doc. 196)**

Defendant moves for an omnibus hearing to resolve certain issues in the case. The government opposes the request. Under our local rules, omnibus hearings typically involve

10

discovery issues assigned to a magistrate judge. *See* D. Kan. R. 72.1.2. Defendant has identified two issues that he would like to address at the hearing: the identity of the confidential informant and that he was only a visitor at 2421 W. Martha. With respect to the first issue, the court has determined that Defendant is not entitled to discovery regarding the confidential informant. With respect to the issue regarding Defendant's presence in the residence, Defendant is free to present this theory of defense to the jury. Defendant has not explained how a hearing is necessary regarding his interpretation of the evidence. The court has denied Defendant's motion to suppress and motion to dismiss the indictment. Therefore, the case is ready to be presented to the jury.

Defendant fails to identify any issues that require a hearing in this case.

### E.  Motion to Allow Defendant to Argue (Doc. 195)

Finally, Defendant has filed a motion seeking permission for Defendant instead of defense counsel to argue the motions addressed herein at a hearing. The government opposes the motion because Defendant is represented by counsel.

Because the court has denied the motions as set forth herein and, in doing so, determines a hearing is not necessary, Defendant's motion is denied as moot.

## II.  Conclusion

Defendant's motion to dismiss (Doc. 197); motion to suppress (Doc. 200); motion for discovery (Doc. 199); motion for disclosure of the confidential informant (Doc. 198); and motion for omnibus hearing (Doc. 196) are DENIED. Defendant's motion to allow him to argue motions (Doc. 195) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 25th day of May, 2022.

  s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE