FILED
U.S. District Court
District of Kansas

DEC 1 0 2024

Clerk, U.S. District Court Page 2
By ____ Deputy Clerk

AO 243 (Rev. 01/15)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*: <br> Gary A. Lowe Jr. | Kansas | Docket or Case No.: <br> 6:20-cr-1006-01-02-03 |
| Place of Confinement: <br> F.C.I Texarkana | | Prisoner No.: <br> 08349-031 |
| UNITED STATES OF AMERICA <br><br> V. | | Movant *(include name under which convicted)* <br><br> Gary A. Lowe Jr. |

### MOTION

1.   (a) Name and location of court which entered the judgment of conviction you are challenging:

District Court of Kansas, Wichita Kansas

(b) Criminal docket or case number (if you know): 6:20-cr-1006-01-02-03

2.   (a) Date of the judgment of conviction (if you know): October 12, 2022

(b) Date of sentencing: October 11, 2022

3.   Length of sentence: 210 months, 3 years supervised release, $200 fee

4.   Nature of crime (all counts): 21:841(a)(1) and (b)(1)(A) Possession with the intent to distribute methamphetamine, 21:841(a)(1) and (b)(1)(c) possession with the intent to distribute herion, 21:841 (a)(1) and (b)(1)(D) possession with the intent to distribute marijuana, 18:924(c)(1)(A) possession of a firearm in furtherance of a drug trafficking crime, 18:922(g) and 924(a) (2) Felon in possession of a firearm.

5.   (a) What was your plea? (Check one)

(1) Not guilty ☐        (2) Guilty ☒        (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? 21:841(2)(1) and (b)(1)(c) possession with intent to distribute herion and 18:922(g) and 924(a)(2) Felon in possession of a firearm.
Counts 1, 3, and 4 of the Indictment are dismissed on the motion of the USA

6.   If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐          No ☐

8.   Did you appeal from the judgment of conviction?          Yes ☒     No ☐

AO 243 (Rev. 01/15)                                                                                          Page 3

9.   If you did appeal, answer the following:

   (a) Name of court:   Court of Appeals for the Tenth Circuit

   (b) Docket or case number (if you know):   22-3209

   (c) Result: dispositve ruling

   (d) Date of result (if you know): November 30th, 2023

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: Violation of my Fifth, Sixth and Fourteenth constitutional rights, violation of 28 U.S.C. § 455(2), the act of 18 U.S.C. § 52(b), Motion to Recuse Judge J.W. Broomes. 2) Motion to withdraw plea decided and denied by the District Court. 3) Ineffective Assistance of Counsel for failure to explain the rule of 18 U.S.C. 3553(a)(6), failure to raise my Sixth Amendment Constitutional Right to a speedy trail had been violated, Mona Furst, Prosecutor violated my Constitutional Due Process right not to be deprived of liberty as a result of the fabrication of evidence by a government officer, and lack of Jurisdiction:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes [ ]     No [×]

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
     Yes [×]   No [ ]

11.  If your answer to Question 10 was "Yes," give the following information:

     (a) (1) Name of court:   Court of Appeals for the Tenth Circuit

         (2) Docket or case number (if you know):   22-3178

         (3) Date of filing (if you know): 9/13/2022

         (4) Nature of the proceeding:   Petition for Writ of Mandamus

         (5) Grounds raised: That the indictment be dismissed with prejudice according to F.R.C.P. 12(b)(1) for lack of Article III standing/subject matter

AO 243 (Rev. 01/15)                                                                  Page 4

jurisdiction and F.R.C.P. 12(h)(3). Indictment be dismissed for violation of my
Fourth Amendment Constitutional right to be free from unreasonable seizure by
arresting and indicting with no probable cause, by violating my constitutional Due
Process right to not be deprived of liberty as a result of the fabrication of
evidence by a government officer, by wrongful institution of legal process. For the
Tenth Circuit Court of Appeals to compel the District to hear the Sixth Amendment
Violation. 18 U.S.C. § 32(a) withdrawal of guilty plea.

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes [ ]      No [X]

(7)   Result: Motion was ruled as moot, mandamus petition was denied.

(8)   Date of result (if you know):   9/30/2022

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes [ ]      No [ ]

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition,
or application?

(1)   First petition:      Yes [ ]      No [X]

(2)   Second petition:     Yes [ ]      No [ ]

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

The petition was to the court of appeals, they already had jurisdiction

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

AO 243 (Rev. 01/15)                                                                                   Page 5

GROUND ONE:    Motion to Recuse Judge J.W. Broomes, violation of the Fifth.

See Continuation Page 5 Attachment ▓▓▓

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
           :Judge J.W. Broomes was a bias adjudicator who failed to
exercise meaningful discretion, while acting arbitrarily.
           "The court made bias comments to me, that I would never win a Motion in
his courtroom" and later in the proceeding after striking my evidence from the
record, he asked prosecutor Mona Furst "I hope this satisfies you."
From the framework of never allowing me to win a motion and having a strong
desire to satisfy the prosecution, Judge J.W. Broomes misapplied incorrect legal
standards. while violating the policy of Federal Rules of Evidence 201(e) in a
decision to strike from the record my relevant evidence and attachments #1 exhibit
#5, #2 and #3 exhibit 6 parts 1 and 2, #4 exhibits 7, #5 exhibit 8 (See) zoom video
conference and ex Parte hearing of 1-12-2021, was a clear abuse of the courts
discretion, a plain error that works a miscarriage of justice.

See Continuation Page 5 Attachment ▓▓▓

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ▓▓    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ▓▓

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

Continuation of Page 5, Attachment *page 1*

Continuation of Ground One: violation of a fair hearing violation of the equal protection of the law violation of 28 U.S.C. § 455(a) the act of 18 U.S.C. § 52(b)

Continuation of (a) Supporting facts

Due process in a Hearing.  A hearing in which a person's life, liberty, or property interest are in issue must satisfy the requirements of due process of law.  A hearing, to be constitutionally valid as a matter of due process, must meet certain minimum criteria. The hearing must be before an unbias adjudicator with the power to act or not to act as a result of the evidence presented at the trial; The hearing must be held so that all of the parties may present evidence essential to its outcome; and to be able to argue the reasons why the decision should favor themselves.  The hearing should result in a decision based on reasons derived from the evidence and standards of law, which should be subject to review by an impartial appellate body.

The defendant is not receiving fair and impartial hearings nor treatment from Judge J.W. Broomes.

On 1-12-2021, at a Motion and Ex Parte Hearing by video Conference - Zoom. At the Motion Hearing Judge J.W. Broomes made bias comments to the defendant, that the defendant should not be "running around trying to practice law", later in the proceedings Judge J.W. Broomes stated that the defendant "would never win a motion in J.W. Broomes courtroom." (See) Zoom recording of Ex Parte Hearing of 1-12-2021.

At the Motion Hearing of 1-12-2021, Judge J.W. Broomes moved to strike defendant's motion to dismiss the indictment from the record, along with defendants evidence in support of the motion to dismiss the indictment, attachment #1 exhibit 5, #2 exhibit 6 (part 1 of 2), #3 exhibit 6 (part 2 of 2), #4 exhibit 7, #5 exhibit 8.  (See) video conference by Zoom., (See) docket sheet page 4 of 9 line 53, (see also) Presentence Investigation Report (PSR) page 7 line 14.

On 1-12-2021, at the Motion Hearing, in the Ex Parte Hearing Judge Broomes where he moved to strike from the record defendants motion to dismiss the indictment and the evidence  in support of motion to dismiss the indictment, attachment #1 exhibit 5, #2 exhibit 6 (part 1 of 2), #3 exhibit 6 (part 2 of 2), #4 exhibit 7, #5 exhibit 8., afterwords Judge Broomes put prosecutor Mona Furst on notice as to what Judge Broomes actions were against the defendant, Judge Broomes then stated another bias comment against the defendant by asking the prosecutor Mona Furst "I hope this satisfies you." (See) Zoom video conference of 1-12-2021.

J.W. Broomes decision to strike from the record defendants evidence, attachment #1 exhibit 5, #2 exhibit 6 (part 1 of 2), #3 exhibit 6 (part 2 of 2), #4 exhibit 7, #5 exhibit 8., (See Zoom video conference Motion Hearing of 1-12-2021, (see) ds page 4 of 9 line 53, (See also) PSR page 7 line 14 was a clear abuse of the courts discretion by failing to account for relevant

Continuation of Page 5, Attachment *page 2*

evidence before the court, Judge Broomes decision was manifestly unreasonable.

The evidence, attachment #1 exhibit 5, #2 exhibit 6 (part 1 of 2), #3 exhibit 6 (part 2 of 2), #4 exhibit 7, #5 exhibit 8., were all properly submitted under evidence Federal Rules of Evidence 201(e) Opportunity to be heard, and were all relevant to the case and to the innocence of the defendant.

Federal Rules of Evidence 201(e).  Basic consideration of proceedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed.  The rule requires the granting of that opportunity upon request.  Ample protection and flexibility are afforded by the broad provision for opportunity to be heard on request, set forth in subdivision(e).

By J.W. Broomes striking the defendants evidence, attachment #1 exhibit 5, #2 exhibit 6 (part 1 of 2), #3 exhibit 6 (part 2 of 2), #4 exhibit 7, #5 exhibit 8., See Zoom Video Conference Motion Hearing of 1-12-2021, (see) D.S. page 4 of 9 line 53, (see also) PSR page 71 line 14 was a clear abuse of the courts discretion by failing to account for relevant evidence before the court.  Judge Broomes decision was manifestly unreasonable.

Judge J.W. Broomes striking said evidence from the record denied the defendant the opportunity for the relevant evidence to be heard, though the rule Federal Rules of Evidence 201(e) requires the granting of that opportunity upon request.

Judge J.W. Broomes was wrong to withhold the basic consideration of proceedural fairness on a demand of an opportunity to be heard on the propriety of taking judicial notice.

Judge J.W. Broomes was wrong to withhold the basic consideration of proceedual fairness on a demand of an opportunity to be heard on the propriety of taking judicial notice.

Judge J.W. Brooms striking defendants said evidence from the record killed the defendant alibi and destroyed defendants defense, being that the said evidence proved that the defendant was in fact a visitor at 2421 W. Martha, Wichita, Kansas, and that the defendants address of 317 N. Madison of Wichita, Kansas, collaborated the fact that the defendant was not mentioned in the affidavit for the search warrant nor was the defendant named or described in the search warrant.

Had Judge J.W. Broomes not moved to strike said evidence from the record, the defendant would have proceeded to a fair trial, the defendant would not have been coerced into taking a plea.

By striking said evidence from the record, Judge J.W. Broomes violated the proceedural due process requirements of Federal Rules of Evidence 201(e) and violated the defendants right to the Fourteenth Amendment to the United

Continuation of Page 5, Attachment *page 3*

States Constitution, which requires that criminal prosecutions conform to prevailing notions of fundamental fairness, and that criminal defendant's be given a meaningful opportunity to present a complete defense.

There was nothing fair about Judge J.W. Broomes accepting evidence from the prosecution while striking the defendant said evidence from the record. The striking of the defendants said evidence seriously affected the fairness of the judicial proceedings. Also tarnishing the public reputation of the judicial proceedings. Fairness is the opportunity to present all relevant arguments and evidence. ("Justice should not only be done, but should manifestly and undoubtedly be seen or be done") Noting the importance of "preserving both the appearance and reality of fairness," which generates the feeling, so important to popular government, that justice had been done.

Violation of Due Process in a Hearing

On 1-12-2021 Judge J.W. Broomes (Judge Broomes) violated the last Element of a Fair Hearing. (See) Zoom Video Conference, (See) d.s. page 4 line 9, (also see) P.S.R page 7 line 14 where Judge Broomes made a decision that was a clear error of judgement, to disregard Fed Rule of Crim. P. Three and Four.

The last Element of a Fair Hearing is that the hearing should result in a decision based on reasons derived from the evidence and standards of law, which should be subject to review by an impartial appellete body.

Judge Broomes predisposition to rule the defendant as guilty, showed the appearance of bias by making a decision contrary to both the evidence and the standards of law.

Federal Rule of Criminal Procedure 3 requires that there is a statement of facts relied upon by the complaint to establish probable cause.

There was no fundamental fact necessary to prove the commission of a crime.

The four corners of the affidavit had no Corpus delicti, being that I was never accused of a crime. I was never mentioned in the four corners of the affidavit, there was no probable cause to arrest me for a crime.

The evidence contained no statement of essential facts alleging that the defendant was involved in any criminal activity, the evidence of the investigative reports, the sworn affidavit of Wichita Police Department (WPD) officer Jermy Grey nor the search warrant that led up to the search warrant being served on 10-17-2018 at the address of 2421 W. Martha, Wichita Kansas at or about 12 noon.

Judge Broomes viewed the evidence from a prejudiced focal point. Judge Broomes favoritism leaning towards the prosecution was bias against the defendant Judge Broomes was wrong to overlook the facts of the case and to

Continuation of Page 5, Attachment *page 4*

totally disregard the evidence.

The evidence of the W.P.D. officer Van Daily investigative report that stated that the defendant, Gary A Lowe Jr., was not a target of the crimes investigated at 2421 W Martha, Wichita, Kansas from September 6, 2018 up to the serving of a search warrant on October 17, 2018.

The evidence of the W.P.D. officer Jermy Grey's sworn Affidavit that did not contain statements or competent evidence that was sufficient to support the finding of probable cause that the defendant, Gary A. Lowe Jr., was involved in any criminal activity at 2421 W Martha of Wichita, Kansas from September 6, 2018 through October 17, 2018.

The evidence of the W.P.D. officer Jermy Grey's sworn Affidavit did not contain competent evidence to support a nexus between the residence of 2421 W Martha of Wichita Kansas and the defendant Gary A. Lowe Jr.

The evidence of the W.P.D. officer Jermy Grey's sworn Affidavit does not contain any affirmative allegations that the defendant, Gary A. Lowe Jr., had personal Knowledge of any illegal activities of 2421 W Martha, nor does the sworn Affidavit set forth any other sufficient basis upon which a finding of probable cause could be made.

If a search warrant is to satisfy the constitutional requirement of probable cause, the affidavit upon which the search warrant is based must contain "competent evidence" that is sufficient to support the magistrates findings of probable cause.

The Fourth Amendment to the United States Constitution provides insofar as is here relevant that... no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons and things to be seized.

18 U.S.C. § 4 (a)(1)(A): A warrant must contain the defendants name, or if it is unknown, a name or description by which the defendant can be identified with reasonable certainty.

The search warrant of October 17, 2018 for 2421 W. Martha, Wichita Kansas, with particularity named the four defendants in regards as to the persons to be arrested, three females and one hispanic male named Oscar Chavez Guerro, (See) PSR page 11 line 49 "A source of Information or Confidential Informant (CI) identified Oscar Chavez-Guerro as a person who lived at 2421 W. Martha of Wichita Kansas ".

Prejudice is a mental state of conclusion before an argument in which a person relies (whether knowingly of unknowingly) on supposition, bias, stereotype or presumption, to reach a decision before considering the evidence in detail that would otherwise have been basis for decision.

Judge Broomes was prejudice against the defendant to reach a decision of

Continuation of Page 5, Attachment *page 5*

striking the defendants motions to dismiss with prejudice from the record, before considering the evidence in detail that would have been the basis for a decision in accord with the clearly established law of the United States Supreme Court and the Federal Rules of Criminal Procedure 18 U.S.C. § 4 and the Fourth Amendment of the United States Constitution. The Fourth Amendment furnishes the citizen the nearest practicable safeguard against malicious accusations.

Judge Broomes comments along with his actions of striking the evidence from the record. Judge Broomes has a predisposition against the pro se defendant that it creates, as to display a clear inability to render a fair hearing or a fair judgment.

Judge Broomes comments along with his actions in hopes to satisfy the prosecution, have such a high degree of favoritism to the prosecutor Mona Furst and having the improper motive to satisfy the prosecution, is a showing that Judge Broomes had a disposition so extreme as to display a clear inability to render a fair hearing and/or a fair judgement.

Bias may arise in a variety of ways: by granting or promising to grant special advantage or favoritism, by a showing of a motive to carry favor with a party.

The defendant became a cross-movant to Mike Heperly's motion to dismiss count 10 of the indictment, that Mike Heperly filed on behalf of co-defendant Mathew Steven Crawford (MSC). The defendant worded the in forma pauperis motion in the same style as Mike Heperly (MH) attorney for MSC, both of us asked for a dismissal, MSC's motion was granted, the defendant's motion was denied. MSC stated by the way of the motion that he did not live at the residence where the warrant was served. I submitted evidence as to my residence, the search warrant was named for four suspects, of which the defendant was not named nor described in the search warrant.

MSC's argument was accepted and the motion was granted.

The defendants argument was not accepted, the motion was denied, showing actual bias on the part of Judge Broomes.

Judge Broomes showed favoritism to MSC and granted MSC a special advantage in the court proceedings. MSC was indicted with the defendant (See) ds page 3 of 9 line 1, on 10-6-2021, yet on June 28 2021, MSC plead guilty to an information charging user in possession of a firearm (see) PSR page 10 line 44. Judge Broomes dismissed MSC's indictment from the Grand Jury and allowed the prosecutor to issue MSC and information, a serious advantage over being indicted by the Grand Jury and also a special advantage over the defendant.

The indictment is based on a hearing by the Grand Jury before the arrest and the information reviewed in a hearing after the arrest.

A person arrested under an information must first be examined in a

Continuation of Page 5, Attachment *page 6*

preliminary hearing.

The defendant was afforded none of the helpfulness, the attitude of friendliness, the benefits, or the building up of hope, the MSC recieved at the hands of Judge Broomes, though we are both similarly situated, thus violating the defendants equal protection of law.

The trial Judge must recuse himself when there is the appearance of bias regardless of whether there is actual bias.  Judge J.W. Broomes must recuse himself because sufficient factual grounds exist to cause a reasonable person knowing all the relevant facts to question Judge J.W. Broomes impartiality.

Judge J.W. Broomes misconduct of being bias and the courts arbitrary actions were unlawful according to the policy of Judicial Conduct, violating the rules of Discovery, violating the rules of Evidence, violating the policy of Federal Rules of Civil Procedure, violating the policy of Criminal Procedure and the policies set forth in the United States Constitution.

Now that all the facts have been gathered, any nuetral observer can transparently see Judge J.W. Broomes bias.

The structural errors seriously effected the Movant's Fifth Amendment right to a fair trial and his Due Process, the integrity and the reputation of the judicial proceedings were tarnished.

The errors of law were a fundamental defect which inherently resulted in a complete miscarriage of justice.

AO 243 (Rev. 01/15)                                                                                    Page 6

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):   _____

Date of the court's decision:   _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND TWO:**   Ineffective assistance of appellate counsel, violation of due process of the Fourteenth Amendment. (See) continuation page 6 Attachment

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Attorney Blain Myhre's representation was a constitutional defect, his filings were deficient and they resulted in the dispositive Order of The Tenth Circuit Court of Appeal's on November 30, 2023. Thus violating my Sixth Amendment Constitutional right. Ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland.

Attorney Blain Myhre did not accurately state the reason for recusal in his factual basis that the violation of 28 U.S.C. sec 455(a), the act of 18 U.S.C. sec 52(b), the violation of the Fifth and Fourteenth Amendment of the United States Constitution for the violation of Due Process, violation of a fair hearing and violation of the equal protection of the law. (see) Attachment

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

This is a post judgment claim against appellate counsel

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

*Attachment*
*supporting facts of* GROUND TWO CONTINUED

Had attorney Blain Myhre presented the facts of Judge J.W.Broomes bias in a correct manner ,I would have had a favorable ruling on November 30,2023.

The fact that Judge J.W.Broomes stated that "you'll never win a motion in my court room".(see)Ex Parte hearing of 1-12-2021,PJD-D motion to recuse

The fact that Judge J.W.Broomes had a need to satisfy the prosecution,(see) zoom video of motion hearing of 1-12-2021,PJD-D,motion to recuse, where in motion hearing of 1-12-2021,Judge J.W.Broomes asked prosecutor Mona Furst "I hope this satisfies you"after he told her of his actions that he did against me in the Ex Parte hearing.

The fact that Judge J.W.Broomes was partial,favoring the prosecution over me, and by making rulings from a mind-set to "satisfy" the prosecution.

Attorney Blain Muhre filed a vexatious and frivolous motion to the Tenth Circuit Court of Appeals. He  did not state in the brief the factual basis for contending that the Appeal Waiver is void. Blain Myhre acted in reckless indifference to the law ,his performance fell below an objective standard of reasonableness and he acted well outside the wide range of professionally competent assistance.

Blain Myhre had all of th facts and case laws readily available to him from the record,and from the previous submissions to the District Court and to the Tenth Circuit Court of Appeals. I also wrote him a letter requesting that his filings be according to the law.

I knew the day would come that Blain Myhre would deny the letter so I "doubled down",I sent the Tenth Circuit Court of Appeals a copy of my motion request and asked that Blain Myhre join in and or supplement my arguments.(see) Post Judgement Discovery (PJD)A,were the great and respected Clerk,Mr. Christopher M. Wolpert. of the Tenth Circuit Court of Appeals, by copy of that letter advised Blain Myhre of my submissions,now enter into the record as PJD-B "Motion to Suspend Rule Against Hybrid Representation" and PJD-C Reply to Government Motion for Enforcement of Appeal Waiver".

On page (pg)2,paragraph 3,of PJD-B,I asked that the record reflect that the pro'se motions should be supplemented and /or amended by attorney Blain Myhre".

Blain Myhre had a duty to make reasonable investigations of law and facts but he failed to do so.

Not using or showing the use of reason as a guide or control,Blain Myhre demonstrated an ignorance of law directly related to the decision.

*1*

The police who acted out of haste, ignoring the affidavit and the arrest warrant, seized me illegally, violating my Forth Amendment constitution right to be free from unreasonable siezure.

It was Mona Furst, in her individual capacity while working for the United States government, made a private decision to omit truths in order to illegally move a legal process against me, violating my Fourteenth Amendment Constitutional right to not be deprived of my liberty.

It was the misconduct of Mona Furst whom, decided to pursue the illegal arrest and use materially false statements, while omitting the truth in order to manipulate Magistrate Gwynne Birzer to issue an arrest warrant to have me jailed by way of violating my Fourth and Fourteenth Constitutional Rights.

There was no fundamental fact necessary to prove the commission of a crime on part of Gary Lowe.

The four corners of the affidavit had no Corpus delicti, being that I was never accused of a crime. I was never mentioned in the four corners of the affidavit, there was no probable cause to arrest me for a crime. The arrest and seizure of my person was illegal in its inception.

I was the first person to be arrested. I was arrested before the search of the house even took place.

No one looked at the totality of the circumstances. The police had no substantial basis for concluding that probable cause to arrest me existed.

I offered my lease agreement (See) PJD G to the district court as evidence, it was struck from the record. I offered the bill of sale to the vehicle of the automobile that I sold Whitfield, it was also struck form the record. The unsigned title and bill of sale prove that I had a legally legitiment reason to be at that place at that time, 2421 W Martha of Wichita Kansas. I went in to that house to have sex and get the title signed, while on my way to the Department of Motor and Vehicle (DMV) and St. Fransis Hospital to pay on a bill, hence the reason that mail and money were in my pockets.

My initial siezure was unlawful because it was unsupported by probable cause and my conduct was not criminal. (See) also United States v Scales 903 F.2d 765,768 (10th Cir 1990); United States v. Herra 444 F.3d 1238, 1251 (10th Cir 2006) and United States v. Los 498 F.3d 1115, 1132 (10th Cir 2007) In this Circuit, the good faith of Leon is inapplicable.

To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States 417 U.S. 333.

The Wichita Police Department (WPD) executed a drug raid at the address of 2421 W Martha of Wichita Kansas, based on the legal affidavit, search and siezure warrant prepared by Officer Jeremy Gray.

2

Inside the four corners of the affidavit, I was not mentioned as a suspect, a person of interest nor was I described as a target of the investigation seizure or arrest.  (see)PJD-H, the affidavit for the search

Judge Broomes said in the order of 9/25/2022 "that the law enforcement acted in good faith in relying on the warrant issued by the state judge" paragraph 1 of page 5, yet the very next paragraph states: Defendant argues that his arrest and search of his person should be suppressed because he was not mentioned in the affidavit or warrant. (See) paragraph 6 line 1, of 9/25/2022 order (Doc) 200 at 6.

Good faith of the WPD does not apply in this instance. the affidavit for the warrant nor does the warrant itself identify me as a suspect of any crime. The WPD did not rely on the information in the warrant, they acted out of haste. The affidavit in support of the search warrant lacked probable cause to arrest me and it failed to set forth a nexus pertaining to me and the house for criminal activity.

Where the standard's probable cause, A search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentially there exist probable cause to search or seize another or to search the premises where the person may happen to be." according to the law of 444 U.S. at 91.

To determine whether an officer had probable cause to arrest an individual we examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to "probable cause, Omelas, 776 supra, at 696, 134 L ED 2d 911.

Judge J.W. Broomes failed to examine the events leading up to my arrest therefore relying on erroneous fact finding to deny my motion to suppress.

A persons mere propinguity to others independently suspected of criminal activity does not, without more, give rise to probable cause top search that person, Sibron v. New York 392 U.S. 40.

We said "any inference that everyone on the scene of a crime is a party to it must disappear if the government informer singles out the guilty person." Id at 594,, 92 L Ed 2d 210.

The government informer singled out the guilty person at the residence to be Oscar and three other females, who were namedon the search warrant, therefore I was not to be arrested nor seized according to, 92 L Ed 2d 210. Oscar was the only male selling drugs that lived at 2411 W Martha, according to the affidavit and search warrant.

My arrest was in violating of the law of Dire, 332 U.S. at 592-594, and in violation of my Fourth amendment constitutional right to be free of

3

unreasonable seizure.

Where the standard is probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentially there exists probable cause to search or seize another or to search the premises where the person may happen to be. 444 U.S. at 91, Yberra v. United States.

Judge J.W.Broomes used an unreasonable application of clearly established federal law and the courts had an unreasonable determination of the facts. Blain Myhre was to notify the Court of Appeals to the fact that Judge J.W. Broomes decision was an unreasonable application of the Supreme Courts clearly established precedent of Leon's good faith correctly identifies the governing legal rule but applied it unreasonable to the facts of the instant case. Leon does not apply here in this case because the W.P.D. already knew that drugs and guns were present in that residence before I got there,and the officer who arrested me should have known that I was not mentioned in the affidavit nor the search warrant,and under already existing law,the officer was being unlawful in his actions.

Judge J.W.Broomes states: Defendant fails to cite any authority in support of his argument (see)paragraph 2 line 2 of order 5-25-2022.
(see)PJD-F, filed in the District Court of Kansas on the date of 10-25-2022, my motion of Ineffective Assistance of Counsel claim, in violation of my Sixth Amendment Constitutional Right to effective counsel against James Pratt for vexatious litigation and violating rules of Professional Conduct,(see)docket sheet 136, though the motion was correctly titled Ineffective Assistance of Counsel, the motion was misconstrued as a motion to appoint counsel.

(see)PJD-F, paragraph 1 of page 2, attorney James Pratt was instructed to raise the Prima facia argument with sound case law, (see) " Motion to Dismiss the Indictment ",docket entry 46, date filed 12-18-2020, James Pratt failed to do as requested.

The evidence should be suppressed, there is simply not enough evidence on the face of the affidavit. (see)Gonzalees 399 F.3d at 1228.

(See) PJD-F,paragraph 2 of page 2, its stated: "It has long been established that a warrant must be supported by facts demonstrating probable cause, not by police summaries of what they have concluded from such facts ". Illinois v. Gates 462 U.S.213,239(1993)

MY argument still stands that incarceration is arbitrary, in violation of my Fourteenth Constitutional right, Federal Rules of Criminal Procedure 3 and 4 and the Fourth Amendments right to be from unreasonable seizure.

14

Blain Myhre was to present to the Tenth Circuit Court of Appeals the fact that I raised an ineffective assistance claim against Charles O'Harra in the District court while moving to withdraw the guilty plea.

The fact that I entered into that plea agreement purely based on the stern advice of my attorney, the advice was well below the constitutional standards.

The plea agreement was the product of and tainted by the ineffective assistance of counsel.

The plea was given to me the morning of my trial, and in the course of 10 minutes my attorney briefly tried to explain it to me. Never, not once did he tell me, nor talk to me about the maximum sentence that I could receive. He, Charles O'Harra kept telling me " Your co-defendant Mathew Crawford(MSC) received probation,you have to be sentenced somewhere close to that of probation do to a sentencing disparity ". My attorney failed me and proved to be ineffective for not explaining that 18 U.S.C.§ 3553(a)(6)(sentencing courts must consider the need to avoid unwarranted sentence disparities among co-defendants with similar records who have been found guilty of similar conduct) Charles O'Harra, my attorney basically lied to me, with him knowing that MSC's record is nowhere similar to my record. MSC did not plead guilty to similar conduct as to which I was lead to plead guilty to. Had i known the truth of rule 3553(A)(6), I would not have plead guilty, thinking that I would receive probation like MSC.

My counsel's ineffectiveness deprived me of a fair trial. Counsel also has a duty to bear such skill and knowledge as will render the trial a reliable adversarial testing process. Counsel Charles O'Harra failed to do so and his knowledge seems to be elementary.

Attorney Blain Myhre never argued the fact that the plea waiver was invalid do to ineffective assistance of trail attorney Charles O'Harra.

It would be a miscarriage of justice to allow a defense counsel to lie to a client in order to secure a conviction for the prosecution.

Enforcement of the appeal waiver results in a miscarriage of justice when an ineffective assistance of counsel in connection with the negotiation of the waiver, invalidating and making the appeal waiver unlawful.

Attorney Blain Myhre never argued the fact that the movant had reasons that were fair and just in order to withdraw the guilty plea.

" non videntur qui errant consentire " they are not considered to consent who act under a mistake.

the mistake of believing a lie,told to me by an attorney that i trusted to give me effective advice and knowledge of the law.

The fact that Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea before sentence is imposed and such leave should be freely allowed.

because the benefits which accrue by putting the state or government to its proof override any consideration of inconvenience to the courts and prosecutors.

The effects of Blain Myhre's errors are simply too hard to measure.

le

Judge J.W.Broomes scrambled the record into a dizzy concoction of confusion but the Tenth Circuit Court of Appeals having a remarkable understanding, used as a tool of examination,through muddy water's as to see clearly the record as it should be.

The court noted that I expressed my desire to ultimately have a trial on the charges. Therefore the court knew that I was asking and ready to go to trial after the hearing of 1-12-2021.

the 585 days of not going to trial,coupled with the erroneous fact finding of the court caused immeasurable amounts of stress and anxiety that I sought mental help and was given  medication ,but nothing seemed to help my feelings of discouragement and sadness,I was disconsolate with life because of the charges.

I objected to the continuance of Feb 5,2021, April 5 2021, again the court notes that I did not join in the request to continue trial on April 8,so the court erroneously misunderstood my position that I'd agree that the period of time could be excluded under the Act. Its common sense that I did not join in the request to continue trial is because I was prepared to go to trial.

The discovery was not extensive, it was 40 pages at the most, 36 pages is what I received

As the court can see from the witness list,no defense attorney called any witness's, therefor there was no need to locate any witness's.

Covid-19 was never a problem throughout any of the court proceedings.

Counsels time to prepare had no bases of stopping the speedy clock.

The reasons stated above are the cause of my objection, the courts Order eexcluding the time period of 5-26-2021 till 6-7-2021 was erroneous.

Its clear from the record that my having 5 ineffective attorneys had nothing to do with the delay in going to trial.

The 303 days spent in an erroneous ends of justice continuances,the 150 day delay in making a ruling on a moot motion,the extension of time given to prosecutor Jason Hart from 5-12-2021 till 5-27-2021 (doc 79,80),also the 17 days given to prosecutor Mona Furst, brings the non-excludable days to 485.

The 485 days of erroneous continuance was clearly an error on behalf of the court. An error of law that violated my Sixth Amendment Constitutional right to a speedy public trial. The errors seriously effected the fairnessof the judicial proceedings.

7

None of the parties claim that the case was complex, the 35 to 40 pages of discovery were not complex, neither party produced forthcoming discovery therefor the trial should have taken place within the constraints of the Speedy Trial Act.

The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" by the court.  U.S. v. Williams 511 F.3d 1044, 1048-49 (10th Cir 2007) A district court must also properly consider and weigh the publics interest in a speedy trial, and the publics interest is generally served by strict adherence to the requirements of the Speedy Trial Act U.S. v. Toombs, 574 F.3d 1262 10th Cir 2009.

The district courts reasoning contained in the record for the four, Jan 11, 2021 till April 5th 2021, April 5th, 2021 till Sept 9th, 2021, Aug 2, 2021 till Jan 10 2022, Feb 7th, 2022 till Feb 22, 2022 ends-of-justice continuances was inadaquate, the sole explanation for the continuance of 4-5-2021 till 9-9-21 was because of motions that were pending till 9-9-2021, but the motions were disposed of on 5-24-2021, the other three ends of justice 1-11-2021 till 4-5-2021. 8-2-2021 till 1-10-2022, and 2-7-2022 till 2-22-2022 continuances Judge J.W. Broomes offered no explanation.

Judge J.W. Broomes violated 18 U.S.C. 3161(h)(7)(A) No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

In Judge Broomes order of September 23rd, 2022, Judge Broomes made a clear plain error by relying on erroneous facts while making material statements to the Tenth Circuit Court of Appeals, a statement that "The order found that the period of time from April 5th to June 7th, 2021 that was excluded under the Act for all Defendants. Although Lowe objected at the time, that objection was not sustained due to the need to keep all three defendants together for trial.

Judge Broomes knew at that time that all three defendants were not going to trial, Judge Broomes omitted that fact that Mathew Steven Crawford (MSC) on 5-26-2021 notified the court that he intended to change his plea.

On 6-3-2021 MSC's jury trial of June 7th, 2021 was cancelled.

So why would Judge Broomes in his order of September 23, 2024 tell this court that he gave a continuance from April 5th to June 7th that was excluded under the Act for all Defendants over Lowe's objection.  Because of 6-8-2021 MSC pled Guilty to an information.

It was MSC who asked for the continuance of 4-5-2021 but he opted out on 5-26-2021 when he changed his plea, therefor the time is not excluded under the Act.   The clock starts running 5-26-2021.

8

The District Court violated my Sixth amendment constitutional right to a speedy public trial, violating the policy of 18 U.S.C. § 3162(a)(2) which, provides that a defendant shall be brought to trial within the 70 day time limit established by § 3161(c) as extended by § 3161(h).

Mathew Steven Crawford (MSC) motion to suppress filed on 4-29-2021 remained pending until 9-9-2021 stopping the speedy clock, in the meantime co-defendant MSC agreed to plea to an information and had the indictment waved (See) docket (doc) #96 on 6-8-2021, and on that same day entered a plea of guilty to the information.

When I asked to have the days tolled, the District Court omitted the fact that MSC ceased to be my Co-defendant as of 6-8-2021, therefore the court made a clear error excluding the time period of 6-8-2021 till 9-9-2021.

Those erroneously excluded days put me in the mental position to be coerced into taking the plea, Had the days been tolled correctly , the indictment would have been dismissed upon the motion that I requested to be filed by Attorney Charles O'Hara, Charles O'Hara failed to file, though he had reasonable time to complete the task, he failed to put the court on notice of the violations and proved himself to be ineffective.

76 F.4th 982: United States v. Akers (8-4-2023)

the appellate court reviews for abuse of discretion an award of sanctions under district courts inherent powers a district court abuses its discretion when it 1) fails to excercise meaningful discretion, such as acting arbitrarily or not at all. 2) commit's an error of law, such as misapplying the correct legal standards or 3) relies on clearly erroneous factual findings.

And thats exactly what the District Court of Wichita Kansas did was fail to exercise meaningful discretion when J.W. Broomes omitted the fact that he knew MSC was not my co defendant.

While working a mindset from the framework of "youll never win a motion in my courtroom", to have me illegally imprisoned taking away my freedom and liberty.

The hearing violated my Fifth Amendment Constitutional right to a fair hearing, by relying on clearly erroneous factual findings!! Just like lying, taking away from the truth omitting relevant fact that seriously affects the fairness of the judicial proceedings while abusing the judicial process.

Judge J.W. Broomes improper conduct of making material statements deceiving the Tenth Circuit Appellate Court, by omitting the fact that MSC was no longer my co defendant as of 6-8-2021, that MSC's motion for suppression ment absolutely nothing in regards to stopping the speedy clock, is a clear abuse of the courts discretion by intentionally wrongfully, incorrectly

9

tolling the numbers of excusable days violating the policy of 18 U.S.C. 3162(a)(2) as extended by § 3161(h), using erroneous fact finding to bring about and secure the arbitrary and capricious imprisonment of my person, while engaging in deceptive conduct, fraud that is utterly inconsistent with the orderly administration of Justice.

The Fourteenth Constitutional Amendments Due Process Clause protects me against deprivation of my Life, Liberty or property.

Judge J.W. Broomes violated my Fourteenth Amendment Constitutional rights by taking away my liberty and restricting my movements by having me imprisoned when he relied on clearly erroneous fact finding while engaging in deceptive conduct such as committing fraud on the court, while violating my Sixth Amendment constitutional right to speedy public trial.

Prosecutor Jason Hart never objected to any of the continuances that were given. Prosecutor Jason Hart showed a reckless disregard for the protection of my constitutional right to a speedy trial or to serve the publics interest by bringing prompt criminal proceedings, which required that I had been brought to trial within the seventy (70) days of my initial appearance.

10

Attorney Blain Myhre was to bring to the courts attention the denial of the Omnibus Hearing, as anabuse of discretion, the failure to perform the task of the court as required by D.Kan.R.72.1.2 is an error of law.

The trail court cant legally deny me an Omnibus Hearing (see) order of May 25 2022, 1 year and 7 months after the court refused to observe the deadline to the rule.

In every criminal case according to the functions of the Magistrate, an Omnibus Hearing shall be conducted before the magistrate within twenty (20) days after the defedant becomes available within the district.

The District Court did not give me the Omnibus Hearing,though it was requested, thus violating the rules of discovery and violating my Constitutional right to due process.

I then filed a pretrial motion seeking an Omnibus Hearing, the request was denied,thus denying me the mandates of the Omnibus Hearing.

The rules state that the government shall only present evidence that lead up to a defendants arrest.

Had my counsel objected to the denial of the Omnibus Hearing or had counsel asked for an interlocutory appeal, in media res, I would have proven the insufficiency of the evidence. I was denied the possibility to prove  that the affidavit had no probable cause to bring an indictment against me. I was denied the opportunity to prove that there was no nexus between the criminal activity of 2421 W Martha, of Sedgwick County, Wichita kansas and myself. That there was no nexus between the affidavit and I.

Also that the indictment is immaterial,made solely for the purpose of obtaining federal jurisdiction and insubstantial.

Attorney Blain Myhre did not present raise the claims of the violation of my Fifth and Sixth Amendment Constitutional rights to Due Process and Ineffective counsel, when Charles O'Harra filed the frivolous motion for an Omnibus hearing were his request was of no reliable facts of law and the request for the identity of SOI 326 was obsurd.

I cared nothing for the identity of SOI 326, that had no bearing what so ever on my case or the fight for my freedom. SOI 326 told on the drug dealers in the affidavit,not me. It mattered not to me who told on those people.

//

To not be deprived of liberty as a result of the fabrication of evidence by a government officer, by wrongful institution of legal process.  Actual Innocence and Factual Innocence.

It was clearly established that false evidence cannot contribute to a finding of probable cause.  Probable cause depends on "reasonable trustworthy information."

The Supreme Court has held it is a violation of the Fourth amendment to "knowingly, or with reckless disregard for the truth, include false statements in the affidavit" outlining probable cause for an arrest.

The 2018 investigation, the surveilence, the affidavit, and the search warrant that led up to the execution of the search of 2421 W Martha had no prima facia that I had committed a crime, the evidence seized was taken to the prosecutor in the 18 Judicial District Court of Kansas.  Charges were filed against me, the charges were subsequently dismissed.

The prosecutor for the United States, Mona Furst took the falsely created evidence and fabricated statements of the minor Devon Whitfield that was gathered on 10-17-2018, coupled it with my "mere presence" during the execution of the search warrant of 2421 W Martha, on 10-17-2018, and on or about 10-8-2022 maliciously moved a legal process to arrest and indict me, all while knowing that none of my fingers prints nor D.N.A. was found to be on any of the illegal items seized at 2421 W Martha on 10-17-2018, also knowing the investigation of 2421 W. Martha 10/17/2018 did not involve me.

Mona Furst also know that the affidavit, the C.I., and the search warrant did not name Gary Lowe as a suspect for any crime at 2421 Martha on 10-17-2018.

Blacks Law Dictionary (11th ed. 2019)(defining "fabricated evidence" as false or deceitful evidence that is unlawfully created...in an attempt to achieve conviction or to avoid liberty.)

Mona Furst knowingly fabricated evidence, Mona Furst knew that a statement from mentally challenged 12 year old child, whose statement was gathered by way of interrogation, coerced without a legal guarding present was inadmissable to the courts.

Mona Furst using fraud and or inequitable conduct took the fabricated statements and evidence to the magistrate and Grand Jury to manipulate against me in order to procure an indictment of serious crimes, as of which, I Gary Allen Lowe Jr. am contesting as to my actual and factual innocence.  Mona Furst then used the illegally obtained indictment, from having used the fabricated evidence to retain and arrest warranty for my arrest, in turn I was illegally seized and taken to the Butler County Detention Facility where I was held against my will, illegally taking away my freedom and liberties.  Mona Furst violated my Due Process right to not be deprived of liberty as a result of the fabrication of evidence by a government officer.

12

Fabricating evidence does not require that the plaintiff have been subject to a trial, it is enough that the fabrication results in a deprivation of the plaintiffs liberty.  The Supreme Court has similarly used the term fabricated-evidence to refer to a claim for the denial of the right to fair trial.

If the Courts take away the fabricated evidence, put petitioners mail, thats address to 2124 E Lori, Wichita, KS, back in petitioners pocket, put petitioners Drivers License back in petitioners wallet and place the wallet back in the clothing that petitioner had on that day and return the items back to me, the government would be back to square one, back at the affidavit that did not name Gary Lowe as a suspect for the crimes of 2421 W Martha, back to the reliable C.I. that stated the investigation that did not implement Gary Lowe as doing anything illegal.  The criminal complaint against me was unsupported by probable cause, the indictment is immaterial.  Made soley for the purpose of obtaining Federal jurisdiction.

I have the clear right for the performance of the duty of the District Court to uphold the law and to honor the Fourth Amendment Constitutional Right to be free of unreasonable seizure by violating Constitutional Right to Due Process right to not be deprived of liberty as a result of the fabrication of evidence by a government officer by wrongful institution of a legal process. The District Court has a duty to investigate the matter and dismiss the charges accordingly.

The Supreme Court has made it clear that the deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with "rudimentary demands of Justice."

The Supreme Court has stated that "the same result obtains when the state, although not soliciting false evidence, allows it to go uncorrected when it appears.

I am actually and factually innocent of the fabracated evidence and indictment.

13

Attorney Blain Myhre was to bring to the courts attention that I motioned the District Court challenging its jurisdiction under F.R.C.P. 12(b)(1) seeking a dismissal of the indictment for lack of article 3 standing no subject matter jurisdiction.

Judge J.W.Broomes read and denied, dismissed, and ruled on my motion without ever hearing from the prosecution. J.W.Broomes made a clear error when he stated that "federal courts have jurisdiction over all civil and criminal cases ", which is contrary to the clearly established federal law, as determined by the Supreme Court of the United States. Federal courts are courts of limited jurisdiction. Futhermore, there is a presumption against jurisdiction and the party involking jurisdiction bears the burden of proof.

Judge J.W.Broomes stated a statue in order to obtain jurisdiction, he did not meet the burden of proof.

It is another prime example of Judge Broomes acting in a prosecutor fashion towards me, the party invoking federal jurisdiction is the prosecutor Jason Hart, not Judge J.W.Broomes. A court is not a prosecuting officer, and should not act as attorney for the United States. It's office is judicial, to hear and to determine between the prosecutor and the defendant. Judge J.W.Broomes took on the position of prosecutor and tried to invoke jurisdiction by misapplying clearly established federal law. Federal Courts are courts of limited jurisdiction and must have both subject matter jurisdiction and personal jurisdiction in order to prosecute.

In this case ,the Federal District Court of Wichita Kansas does not have subject matter jurisdiction because no crime charged in the indictment was committed on any federal geographical area or location such as a military reservation nor a critical habitat.

The indictment did not state that I was in special maritime and in territorial jurisdiction of the United States government. Nor was the crimes charged by the indictment in the amount of 75,000 united states currency.

The court must dismiss any case over which it lacks subject matter jurisdiction. F.R.C.P 12(h)(3) instructs: Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter the court shall dismiss the action.

14

Attorney Blain Myhre displayed a reckless disregard for the language of the Plea Agreement where it states "Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct".

Blain Myhre has failed to present these claims in his initial brief, thus causing a forfeiture of those claims. Blain Myhre knew at the time that he submitted his brief that it is a well settled rule that contentions not raised in the argumewnt section of the opening brief are abandoned and arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.

Because of Blain Myhre's failure to perform the contractual obligation of the Plea, I can not raise the Sixth Amendment Constitutional rights violation or the violation of due process by the fabrication of evidence do to prosecutor misconduct in my 2255 motion to vacate the judgment.

The failure of the court to notice that the error of Blain Myhre in his failure to perform the contractual obligation of the plea was particularly egregious and it would result in a miscarriage of justice if my constitutional claims are not heard .

15

## CONCLUSION

From the letter that attorney Blain Myhre sent to me (see) PJD-M, this court can see from paragraph 2, lines 1 and 2, Blain MYhre told me that my Rule based argument was " Irrelevant ". He failed to understand that " There should be strict compliance with the rules, otherwise they will be whittled away and become meaningless and unenforceable ", as said by Judge Muscowitz.

The violation of the rules is a violation of due process by Judge J.W.Broomes when he failed to observe the rules of discovery when he denied the movant an Omnibus Hearing and again when Judge J.W.Broomes failed to observe the policy of Federal Rules of Evidence 201(e) when He refused to take judicial notice of the relevant evidence, though the rule states that he " Must " take notice of the evidence, thus denying the movant the " opportunity to be heard.

Also violating the policy of the Administrative Procedure Act (APA), 5 U.S.C. 500 et seq.(1946), the APA established practices and procedures for all government agencies to follow in adjudication and rule making. The Act granted citizens the right to submit evidence, and the right to a decision based solely on testimony and papers actually entered in to the proceedings.

Judge J.W.Broomes denied me the very right as a citizen to present my evidence to the court, denying the movant an opportunity to be heard.

(See)PJD-M, line 6 and 7 of paragraph 2, Blain Myhre stated that he " did not raise the issue of the search warrant, there is no winning argument there ".

Attorney Blain Myhre was unreasonable in his decision not to investigate the facts and laws surrounding the Movant's constitutional issue of the illegal seizure do to the affidavit and warrant.

The Movant presented to Blain Myhre the case of United States v. Sanders, No 21-5945 6th Cir. 2023, where the courts ruled that " Motion to Suppress Reversed Where Warrant Affidavit Failed to Established Probable Cause an No Good Faith Exception Applied ". (see)PJD-K

Attorney Blain Myhre's failure to frame the necessary argument in the statutory and constitutional terms was objectively unreasonable, his ignorance of the relevant facts and laws resulted in the dispositive ruling of Nov. 30 2023.

From the letter that Blain Myhre sent to me, this court can plainly see that none of my constitutional issues were presented to the courts, no fault of my own but do to the ineffective and unreasonable acts of attorney Blain Myhre, creating another structural error.

No other competent attorney would have done the things that he has done.

Attorney Blain Myhre had no reason to recklessly disregard the Order of April

1 of 2

## CONCLUSION

14, 2023, where the Honorable Tenth Circuit Court of Appeals, based on previous submissions ruled that an appeal was necessary.

Attorney Blain Myhre intentionally trashed the previous submissions that led to the Courts allowing the appeal, he intentionally failed in his duties to the court,his conduct was tantamount to bad faith with his frivolous and vexatious filings,his performance fell well below an objective standard of reansonableness.

Blain Myhre's intentional acts without a plausible basis, shows a serious and standard disregard for the orderly process of justice. His unreasonable and vexatious filings has caused the proceedings in this case to be multiplied, causing more motions to be filed, prolonging the judicial process and bringing a waist of judicial resources, costing to the courts time and expenses that could have been used elsewhere.

He should be held accountable for his conduct.

I have been wronged as a result of the vexatious filings and abusive litigation of Blain Myhre. The frivolous and vexatious filings caused me to be imprisoned for an extended time period, causing great anxiety and emotional disorder by the violation on my Sixth amendment Constitutional Right to effective counsel on a first appeal and the violation of my Due Process rights.

Attorney Blain Myhre displayed a reckless disregard for the language of the Plea Agreement, where it states " Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct ". The Movant had both, an ineffective assistance of counsel and a prosecutor misconduct claim, raised in the District court. Blain Myhre has failed to present these claims in his initial brief, thus causing a forfeiture of those claims.

Blain Myhre knew at the time that he submitted his brief that " it is a well settled rule that contentions not raised in the argument section of the opening brief abandoned arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived ".

Because of Blain Myhre's failure to perform the contractual obligation of the Plea, the Movant can not raise the Sixth Amendment Constitutional Rights violation against Lynn Burke(see)PJD-E,James Pratt(see)PJD-F and Charles O'Harra (see)PJD-L, nor the Prosecutor Misconduct of Mona Furst, in Movants 2255 motion to vacate the judgment.

AO 243 (Rev. 01/15)

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?
        Yes [ ]     No [ ]

(4)   Did you appeal from the denial of your motion, petition, or application?
        Yes [ ]     No [ ]

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes [ ]     No [ ]

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b)  Direct Appeal of Ground Three:

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☑

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c)  Post-Conviction Proceedings:

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   Direct Appeal of Ground Four:

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐       No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

(c)   Post-Conviction Proceedings:

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐       No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                                                          Page 10

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

```
The ineffectiveness of appellate counsel. Because it happened after the
appeal was filed.
```

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)                                                                    Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

N/A

(b) At the arraignment and plea:

Jennifer Amyx-Arraignment/ Charles O'Harra-Plea

(c) At the trial:

N/A

(d) At sentencing:

Charles O'Harra

(e) On appeal:

Blain Myhre, PO Box 3600, Englewood, CO 80155

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐ .          No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Relief sought

The Movant is praying that this Honorable Court will allow the Plea of Guilty to be withdrawn and the indictment dismissed or that he is able to proceed to a fair trial.

The Movant is also seeking a stay of Judgment while the appeal is pending. He does not want to start serving the prison sentence attached to the judgment.

The Court of Appeals applies a two-step analysis to determine whether to release a defendant pending appeal under this statute, 18 U.S.C. § 3143(b).

United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985), First the court must determine that the appeal raises a "substantial" question of law or fact. Id at 952. Second, the court must find that "if the substantial question is determined favorably to the defendant on appeal, [then] that decision is likely to result in reversal or an order for a new trial of all counts of imprisonment that has been imposed."

In this instant case, the Movant is not likely to flee or pose a danger to any other person or the community. The Government has never argued that the Movant is a flight risk or danger to the community. He has never missed a court date. The Movant has never violated the terms of pretrial bond during the 20 months of proceedings.

The Movant would like to exercise that same bond from the District Court onto the appeals court, citing 18 U.S.C. § 3143(b).

The day of his conviction, Movant knew that he may be placed in custody. There was an hour recess. He was allowed to drive his car home, say his farewells and be dropped off at the courthouse. He returned to deal with the situation also proving that he is not a flight risk.

Movant is not a danger to any person or the community. He has no anger or animosity towards any person. He is not selling drugs, stealing, or doing crime in the community. He works for a living.

This petition is not for the purpose of delay, but rather to expedite Movant's release from this arbitrary imprisonment.

Movant notes that a convicted marijuana distributor is entitled to be released on bond pending appeal under 18 U.S.C. § 3143(b), where the appeal raised substantial issues concerning an affidavit supporting a search warrant, because the issue was critical enough to distributor's conviction that contrary appellate ruling would warrant removal. See, United States v. Hall, 765 F.

1 of 2

*Relief Sought*

Supp.1494(S.D.Fla 1991).

Here, the movant also raises substantial issues concerning the search warrant itself; Movant's issues are critical enough to the conviction that contray appellate ruling would  warrant a reversal of all convictions or an order for a new trial are exceptional reasons why detention would not be appropriate.

The Movant brings this litigation with the utmost seriousness without abusing the legal process and without testing the resolve or common sense of the judiciary.

This petition raises substantial questions of law and facts.

Im requesting to be present at any and all hearings related to this petition.

I'm also requesting a bond hearing.

*Mr. Gary L Lowe Jr.*

AO 243 (Rev. 01/15)                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:

___(see) 2 page Attachment - Relief Sought_____
or any other relief to which movant may be entitled.


                                              _____
                                              Signature of Attorney (if any)



I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.

                                                          (month, date, year)



Executed (signed) on _____ (date)



                                              _Mr. Gary A. Lowe Jr._____
                                              Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

CERTIFICATE OF MAILING AND SERVICE

I hereby certify under penalty of perjury that the foregoing originally executed document has been placed in the institutional mailbox, appropriate postage prepaid and addressed to:

_____

_____    Clerk of the Court,
_____    401 N. Market
                   Wichita, Kansas 67202

and a true and correct copy of same has been placed in the institutional mailbox, appropriate postage prepaid and addressed to:

_____    Jason Hart
_____    301 N. Main suite 1200
_____    Wichita, Kansas 67202-4812

on this, the **27** th day of **November**, 2024.

_____
Affiant

(Gary) A. Lowe #08547-031
**U.S. Department of Justice**
**Federal Bureau of Prisons**
*Federal Correctional Institution*

P.O. Box 9500
Texarkana, Texas 75505-9500

Official Business
Penalty for Private Use $300

CERTIFIED MAIL

7015 1520 0002 9471 5

RECEIVED
DEC 10 2024
By

Clerk of the Court
401 N. Market
Wichita, Kansas
67202

:Legal Mail