IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                            Case No. 20-10066-2-JWB

GARY A. LOWE, JR.,

       Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (Doc. 275.)  The motion has been fully briefed and is ripe for decision.  (Docs. 277, 281.)  For the reasons stated herein, Defendant's motion is DENED.

I.     **Procedural History and Background[1]**

On October 6, 2020, Defendant was charged by way of indictment with three counts of possession with intent to distribute in violation of 21 U.S.C. § 841(a), one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924 (c)(1)(A), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)  The indictment also included charges against co-Defendants Jamie Whitfield and Matthew Crawford.  The charges against Defendant stemmed from the execution of a search warrant on October 17, 2018, at 2421 W. Martha Street, in Wichita, Kansas.  When law enforcement arrived, they found Defendant and Whitfield in the kitchen with marijuana and a loaded Glock 43 9mm handgun.  A kitchen cabinet contained a 432-gram bag of methamphetamine.  In a tub behind Defendant, officers found another loaded handgun, two digital scales, and mail addressed to Defendant.  In the master bedroom,

---

[1] A large part of this history is taken from this court's prior order denying Defendant's motion to withdraw his guilty plea.  (Doc. 231.)

officers located a safe containing a car title in Defendant's name and $24,000 in US currency. The bedroom also contained many additional firearms, large quantities of methamphetamine and heroin, and Defendant's shorts containing his wallet and identification. Defendant was arrested and the illegal items were seized by officers. (*See* Doc. 211 at 5.)

At his initial appearance, Lynn Burke, counsel from the Federal Public Defender ("FPD"), was appointed to represent Defendant. (Docs. 25, 32.) On December 21, 2020, despite being represented by counsel, Defendant filed a pro se motion to dismiss. (Doc. 46.) Motions for new counsel were filed by Defendant and Ms. Burke. (Docs. 47, 48.) At a hearing on January 12, 2021, the court heard the motions for new counsel on the record and they were denied. During that hearing, Defendant stated that he was upset with his counsel for not filing a motion to dismiss due to a lack of probable cause. (Doc. 55 at 9–11.) The court advised Defendant that such a motion would not be granted in light of the grand jury finding and the allegations in the indictment. After discussion with counsel, the court determined that there was not an actual conflict and Burke continued her representation of Defendant. During the hearing, the court informed Defendant that it would not allow hybrid representation in this case. Therefore, only motions filed by the attorney would be considered by the court and the pro se motion to dismiss was struck. The court further stated that Defendant's attorney was free to refile any motions presented by Defendant if counsel thought that they had merit. (*Id.* at 20–21.)

On February 1, just two weeks after that hearing, Defendant filed another pro se motion in which he challenged this court's jurisdiction. (Doc. 57.) The court struck the motion from the record. (Doc. 58.) On February 4, Kirk Redmond, counsel with the FPD, entered an appearance for Defendant. (Doc. 59.) On May 20, approximately three months after his entry of appearance, Mr. Redmond sought withdrawal from the case. (Doc. 81.) The court held a hearing on the motion.

(Doc. 85.)  During the hearing, defense counsel stated that Defendant had deep-set beliefs regarding areas of the law with which defense counsel at the FPD did not agree.  (Doc. 111 at 7.) The record of the hearing reflects that Defendant believed his attorneys should file certain pretrial motions in his case including a motion to suppress and motion for an omnibus hearing.  The court attempted to explain to Defendant that his defense counsel was well qualified and that they would file any pretrial motions that had merit but Defendant remained steadfast in his desire for new counsel.  During the hearing, Defendant continued to interrupt the undersigned and had to be instructed to stop arguing and stop talking.  (*Id.* at 10.)  Ultimately, the court granted the FPD's motion to withdraw and appointed CJA attorney James Pratt.  (Doc. 86.)

On May 27, Mr. Pratt filed a motion to continue due to his recent entry into the case, his need to review all of the discovery, and to consult with Defendant in preparation for trial.  The motion stated that Defendant was out on bond and understood the need for the continuance and agreed with the same.  (Doc. 89.)  The court granted the motion and trial was continued until August 2.  (Doc. 91.)  On June 8, Matthew Crawford pleaded guilty to user in possession of a firearm.  (Doc. 99.)  He was sentenced to three years' probation.  (Doc. 123.)  The court granted motions to continue filed by Defendant's counsel and trial was set for January 10, 2022. (Doc. 129.)

On October 26, Jamie Whitfield pleaded guilty to counts 1 and 2 of an information which charged user in possession of a firearm and possession with intent to distribute methamphetamine. (Doc. 135.)  Whitfield was sentenced to 5 years' probation on July 7, 2022.  (Doc. 222.)  Shortly after Whitfield's plea, Defendant filed several pro se motions, and also claimed Mr. Pratt was ineffective.  (Docs. 136, 137, 138.)  The pro se motions unrelated to claims of ineffective assistance were stricken.  (Doc. 142.)  On November 9, 2021, Mr. Pratt filed his own motion to withdraw.

3

(Doc. 143.)  The court held a hearing on November 29.  At the hearing, the court initially addressed Defendant's pro se filings that were stricken from the record.  The court noted that Defendant was repeatedly frustrated with his prior counsel and current counsel for not filing the motions but the court explained that Defendant's motions lacked merit.  (Doc. 156 at 5.)  The court informed Defendant that it had jurisdiction over the matter based on the charges under federal law.  The court further discussed that Defendant's disputes of fact as to the evidence were not appropriate for pretrial determination.  (*Id.* at 5–13.)  The court then took up the motions to withdraw.  Defense counsel explained his continued difficulties with Defendant and Defendant's disagreements with defense counsel's interpretation of law.  Defendant also was given an opportunity to speak on the record and expressed his belief that a motion to suppress should be filed on the basis that the search warrant was defective, including his belief that the warrant was forged because there were multiple copies.  The court disagreed and explained to Defendant that the motions which he was insistent his defense counsel file all lacked merit.  The court denied the motions to withdraw after finding that there was not an actual conflict.  (*Id.* at 52–55.)  The court further stated that Defendant had substantially and unreasonably contributed to the breakdown in communications.  (*Id.* at 54.)

On December 16, Defendant's counsel filed an unopposed motion to continue the trial setting for thirty days.  (Doc. 149.)  The motion stated that Defendant was advised of the request and agreed to the motion. The motion stated that counsel needed additional time with Defendant and to interview and evaluate potential witnesses.  The motion was necessary in part due to the delay caused by the issues raised in the motions that were recently decided.  Counsel reported that the relationship with Defendant was improving.  (*Id.* at 3.)  The court granted the motion and continued the trial to February 7.  (Doc. 151.)  On January 19, 2022, during a status conference, Defendant reasserted his dissatisfaction with Mr. Pratt, prompting Mr. Pratt to renew his own

motion to withdraw.  The court then allowed Defendant an opportunity to find his own counsel with whom he could work.  (Doc. 161.)  Defendant requested a continuance of the current trial date so that he could locate counsel.  The court granted the motion and continued the trial to February 22.  On January 27, the government filed an amended notice of the penalty for count 4 of the indictment.  (Doc. 167.)  According to the amended notice, Defendant faced a term of imprisonment of not less than 25 years if convicted on count 4 of the indictment, which charged a violation of 18 U.S.C. § 924(c), because Defendant had previously been convicted of the same charge in a prior case.

On February 8, Mr. Pratt filed several motions in limine in accordance with the trial scheduling order.  (Docs. 169, 170, 171.)  On February 10, 2022, the court held a hearing to inquire about counsel.  While Defendant had talked with several attorneys, he could not afford to hire his own counsel.  The court asked Defendant which attorneys he believed he could work with.  After hearing from Defendant, the court appointed Charles O'Hara as substitute counsel under the CJA. (Docs. 174, 175.)  The court exercised its discretionary authority under the CJA to appoint Mr. O'Hara as substitute counsel in the hopes that Defendant would be able to work with Mr. O'Hara. Mr. O'Hara then filed a motion to continue based on his recent entry in the case and his need to review discovery and prepare for trial.  Defendant did not oppose the motion and "personally agree[d]" to the continuance.  (Doc. 176 at 1.)  The motion was granted and trial was continued to April 18.  (Doc. 178.)  On April 11, defense counsel filed a motion to continue.  The court held a hearing on April 12 on the outstanding motions in limine and the motion to continue.  During that hearing, the court ruled on the outstanding motions and granted the continuance.  Trial was set for June 21.  (Doc. 192.)  The court also allowed Mr. O'Hara to file the dispositive motions that Defendant had repeatedly raised throughout the proceedings.  Defense counsel then filed a number

of motions, which included the previously filed pro se motions. (Docs. 195, 196, 197, 198, 199, 200.) On May 25, the court denied the motions. (Doc. 211.) On June 21, the court was prepared to begin voir dire. There were more than 30 jurors in the courthouse waiting to be called for jury service in Defendant's trial. Prior to calling the jury up to the courtroom, the court called the case to discuss the jury selection procedure. At that time, Defendant stated that he intended to enter a guilty plea. After discussing whether the parties were prepared to enter the plea that day, the undersigned adjourned court for a short period to allow the parties to complete the plea documents. The jury was not excused until after Defendant entered his guilty plea.

Defendant pleaded guilty to counts 2 (a violation of 21 U.S.C. § 841(a)) and 5 (a violation of 18 U.S.C. § 922(g)(1)). At the plea hearing, the court informed Defendant of the maximum penalties associated with those counts. Defendant stated he was satisfied with his counsel and that he understood that the court would determine his sentence. Defendant's sentencing was set for September 15.

On August 18, Defendant filed a pro se motion to withdraw his guilty plea. (Doc. 224.) Defendant argued that the court should allow him to withdraw his guilty plea because his counsel was ineffective in advising him to plead guilty, he was coerced into taking the plea offer, he was not informed of the potential sentence, his counsel failed to file certain motions, and the government fabricated evidence. (*Id.* at 4-8.) The court held a hearing on the motion on September 15. At the hearing, Defendant was provided an opportunity to inform the court of the reasons why his plea should be set aside. Defendant again offered the same reasons in his motion and additionally argued that he was under the influence of a substance at the time his plea was entered. The court anticipated ruling on the motion to withdraw during the hearing with a written order to follow. After hearing from Defendant, the court began addressing the arguments in Defendant's

motion by citing to the record and reading from the plea colloquy.  Instead of allowing the court to make a full record on its ruling, Defendant consistently interrupted and argued with the undersigned.  On several occasions, the undesigned instructed Defendant to stop talking and interrupting the court.  Defendant failed to comply with the court's admonition.  The court continued to make a record on Defendant's motion and Defendant continued to interrupt the undersigned and, ultimately, began yelling at the undersigned.  Due to Defendant's escalated interruptions and yelling, the court was required to adjourn the proceedings and have Defendant removed from the courtroom.  The court then entered a written order denying the motion.  (Doc. 231.)

Shortly thereafter, Defendant filed a pro se motion to recuse the undersigned from this matter.  (Doc. 234.)  Mr. O'Hara also filed a motion to withdraw.  (Doc. 233.)  On October 11, 2022, the court held a hearing on the motions and sentenced Defendant.  The court denied the motion to recuse, finding that the record was clear that the undersigned had consistently worked to accommodate Defendant even though Defendant was being obstructive and difficult throughout the entire case.  (Doc. 257 at 17.)  The court found that there was no basis for an objective person to conclude that the undersigned was biased, prejudiced, or acted with favoritism towards the government.  The court ultimately sentenced Defendant to 210 months imprisonment, which was within the sentencing guidelines range.  (Doc. 247.)

Defendant filed a notice of appeal.  (Doc. 256.)  On appeal, he argued that the court erred in denying the motion to recuse and that the court erred in determining the converted drug quantity in calculating his sentence.  The government moved to enforce the appeal waiver on both issues. The Tenth Circuit enforced the appeal waiver as to the sentencing issue but decided the recusal issue on the merits.  The court of appeals held that the court did not err in denying the motion to

recuse finding that Defendant had not "shown any judicial bias or partiality." *United States v. Lowe*, No. 22-3209, 2023 WL 8271989, at *6 (10th Cir. Nov. 30, 2023). The mandate was issued on December 22, 2023. (Doc. 270.)

On December 10, 2024, Defendant filed a motion to vacate his sentence under § 2255. Defendant argues that the court violated his right to Due Process by being biased against him and striking his filings from the record. Defendant also argues that his appellate counsel was ineffective because he did not accurately raise the issue of judicial bias on appeal, did not successfully attack the appeal waiver, and failed to raise other rulings on appeal. Defendant attaches to his motion several exhibits which are filings he made before the Tenth Circuit and this court. He also includes the search warrant and a letter to him from his appellate counsel.

## II.    Standard

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings. *See United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United*

*States*, 582 U.S. 357, 363 (2017) (citation omitted). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III.   Analysis

### A.  Recusal

A federal judge must recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also recuse when he "has a personal bias or prejudice concerning a party." § 455(b)(1). When determining whether recusal is required, the court must examine whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). A judge's actual state of mind or prejudice is not at issue. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "The standard is purely objective," and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* "[U]nsubstantiated suggestions, speculations, [and] opinions," are "insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006). Moreover, adverse rulings cannot form grounds for disqualification. *Green v. Branson*, 108 F.3d 1296, 1305 (10th

Cir. 1997) (quotation omitted).    Likewise, "[a] judge's ordinary efforts at courtroom administration," even if "stern and short-tempered," are "immune" from charges of bias and partiality.  *Lowe,* 2023 WL 8271989 *6 (citing *Liteky v. United States*, 510 U.S. 540, 556 (1994)).

In his motion, Defendant asserts that this court was biased against him, and the undersigned should have recused himself from this matter.  Defendant asserts that his Due Process rights were violated as a result.  In support of his argument, Defendant largely relies on events that occurred during a January 12, 2021, hearing.  During that hearing, the court struck Defendant's pro se filings and denied the motion to withdraw.  Defendant argues that the rulings and statements made in that hearing demonstrate bias.

Defendant contends that the court misapplied legal standards in its rulings, told Defendant he should not be trying to practice law, and stated that Defendant would never win a motion in his courtroom.  (Doc. 275 at 4–5.)  During that hearing, the court informed Defendant that it would not allow hybrid representation in the case.  Therefore, the court would not consider any motions filed pro se and struck those filings.  (Doc. 55 at 20–21.)  Further, contrary to Defendant's assertion, the court did not inform him that he would never win a motion in court.  Rather, the court told him that counsel could refile his motions but also informed him that his motions, as presented, lacked merit.  (*Id.*)  This ruling was not erroneous and it was entirely appropriate.  Moreover, as discussed in the procedural history, the court eventually considered and ruled on all the pro se motions that Defendant kept on insisting be filed after they were presented by Mr. O'Hara.  On May 25, 2022, the court denied Defendant's motion for hearing, motion to dismiss, motion for disclosure, motion for discovery, and motion to suppress.  (Doc. 211.)  Therefore, Defendant was not prejudiced by the court's striking of his pro se motions.  In any event, none of the motions were meritorious and Defendant's arguments to the contrary are not persuasive.  The

court stands on its prior rulings which, although adverse to Defendant, are not a basis for a finding of bias. *Green*, 108 F.3d at 1305.

With respect to the alleged statement regarding Defendant's attempt at practicing law, the court told Defendant that he would "benefit from a lawyer" because he continued to cite to the Federal Rules of Civil Procedure in making arguments to the court in a criminal setting. (Doc. 55 at 11.) Nothing about that statement demonstrates bias. Rather, the record clearly reflects that the court was attempting to assist Defendant in recognizing how counsel could assist him and to redirect his attention to the rules applicable in criminal matters. As reflected herein, Defendant's representations of statements by the court at the January 2021 hearing are not accurate. Further, none of the statements made by the undersigned at the hearing demonstrate bias or prejudice.

Defendant makes a further assertion that this court showed favoritism to co-Defendant Matthew Crawford by granting a motion to dismiss. (Doc. 275 at 9.) Defendant's assertion regarding Crawford's case is inaccurate. The court did not grant a motion to dismiss filed by Crawford. Rather, the parties' plea agreement provided that Crawford would plead guilty to a charge in an information. (Doc. 99.) As a result, the indictment was dismissed at sentencing. (Doc. 123.) This does not demonstrate judicial bias.

As this court noted during sentencing, the court was extremely patient with Defendant throughout this entire criminal case even though he was exceedingly difficult with the court and his own counsel. The court even appointed Mr. O'Hara to represent Defendant upon Defendant's request even though Mr. O'Hara is not a panel attorney. On the record, a reasonable person could not question the undersigned's impartiality nor could a reasonable person conclude that this court was biased or prejudiced in any way. Therefore, Defendant has not shown that this court violated Defendant's due process rights during the proceeding by failing to recuse.

**B. Ineffective Assistance of Appellate Counsel**

Next, Defendant argues that his appellate counsel was ineffective for not accurately stating the reasons that the undersigned should have recused. Essentially, Defendant argues that appellate counsel should have discussed the January 2021 hearing in the appeal. Based on the discussion above, the court finds that appellate counsel's failure to cite to the January 2021 hearing was not deficient performance, and Defendant was not prejudiced by it.

Defendant also argues that his appellate counsel was ineffective for failing to "state in the brief the factual basis for contending that the appeal waiver is void." (Doc. 275 at 12.) Reviewing the record, Defendant is correct that his counsel did not argue that the appeal waiver was void. However, the Tenth Circuit held that "nothing indicates [in the record] Mr. Lowe received ineffective assistance in the negotiation of the waiver." *Lowe*, 2023 WL 8271989, at *5.

With respect to the appeal waiver, the Tenth Circuit applied it to preclude the argument raised on appeal regarding drug quantity. Although Defendant argues that appellate counsel was ineffective for failing to appropriately address the appeal waiver, Defendant's brief fails to show that the appeal waiver was void. Rather, Defendant's arguments in this section of his appellate brief were a recitation of this case and his view of the evidence. Notably, Defendant does not even address the drug quantity issue. Therefore, Defendant has not shown that he was prejudiced by the enforcement of the appeal waiver. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Further, the brief filed on appeal indicates that the drug quantity issue would not have changed Defendant's base level determination for the sentencing guidelines. *United States v. Lowe*, No. 22-3209, Doc. 96 at 35. Therefore, in any event, the

enforcement of the appeal waiver did not prejudice Defendant as his guidelines range would not have changed.

Defendant's brief is also critical of his appellate counsel for failing to raise numerous issues on appeal.  To succeed on this claim, Defendant must show prejudice.  Defendant has failed to do so.  Rather, Defendant is merely regurgitating the same arguments he raised in his pro se motions before the court and in his motion to withdraw his plea.  The court has previously considered and rejected his arguments.  Further, appellate counsel's letter to Defendant clearly shows that he considered these issues but that he chose not to raise them on appeal because he did not believe that they would be successful.  (Doc. 275-13.)  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).  Here, as is clear in counsel's communication to Defendant, counsel made a strategic decision on what issues to raise on appeal based on his experience and the record.  Therefore, the court finds that appellate counsel's performance with respect to these issues was not deficient.  Further, Defendant cannot show prejudice for his appellate counsel's decision not to raise these issues on appeal.  Even though they are also barred by the appeal waiver, these issues lack merit given the prior rulings in this case and Defendant has failed to show that any of these issues would have been successful on appeal.

The court finds that the allegations in the petition fail to show that appellate counsel's representation fell below an objective standard of reasonableness and fail to show that Defendant suffered any prejudice as a result.

**IV.    Conclusion**

Defendant's motion to vacate sentence (Doc. 275) is DENIED.  Defendant's motions for release (Docs. 276, 280, 282) are DENIED AS MOOT.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 5th day of June, 2025.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

14